UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-CR-80205-RLR(s)

UNITED STATES OF AMERICA

vs.

MALIK HOSEA ATKINSON,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and MALIK HOSEA ATKINSON (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1 and 2 of the Superseding Information, both of which charge the defendant with enticement of a minor to engage in sexual criminal activity, in violation of Title 18, United States Code, Section 2422(b). The defendant agrees that he is, in fact, guilty of these offenses.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory

sentence under the Sentencing Guidelines.

3. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

5. The defendant understands and acknowledges that as to Counts 1 and 2, the Court must impose a minimum term of imprisonment of ten (10) years and may impose a maximum term of Life imprisonment. The Court must also impose a term of supervised release of at least 5 years up to life to follow the term of imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000. The Court may run these sentences consecutively or concurrently to each other. The defendant also understands and agrees that the Court will order the defendant to pay restitution to any identified victims of child

pornography as further detailed in paragraphs 9 and 10, *infra*.

6. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 5 of this agreement, pursuant to 18 U.S.C. Section 3013, a special assessment in the amount of $100 will be imposed on the defendant, as to each count. The defendant agrees that this special assessment shall be paid at the time of sentencing. If the financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.\

7. The defendant further understands and acknowledges that, pursuant to Title 18, United States Code, Section 3014, a special assessment in the amount of $5,000 will be imposed on the defendant if he is not indigent and is pleading guilty, in Count 1, to an offense under Chapter 117. The defendant agrees that this special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal conviction, upon which this special assessment is based.

8. Pursuant to 18 U.S.C. § 3663A(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, the parties agree that restitution is not limited to Count 1 or 2, the offense of conviction in this case. In exchange for the government's decision to forgo charges of production of child pornography, and not supersede with child pornography trafficking related offenses, the defendant agrees to pay restitution to the child pornography victims uncovered from the defendant's digital devices, who will be identified when it becomes known to the government, either at or before the sentencing or restitution hearings. The defendant further agrees that restitution is due to the victims of child pornography for offenses listed in 18 U.S.C. § 3663A(c)(1)(A), that are not the offenses of conviction, but nonetheless gave rise to this plea

agreement. The defendant agrees to pay not less than three thousand dollars ($3000 USD) to each identified and requesting victim of child pornography.

9. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw defendant's guilty plea. The defendant further agrees to comply with any restitution order entered into at the time of sentencing or restitution hearing. The defendant further agrees that he will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. The defendant agrees to make full restitution for the provable losses caused by defendant's activities.

10. The parties further understand and acknowledge that the amount of restitution the defendant will be ordered to pay will be calculated pursuant to 18 U.S.C. §§ 2259 and 2259A. Specifically, the Court will first determine the full amount of each victim's losses that were incurred, or are reasonably projected to be incurred by the victim, as a result of the trafficking of child pornography depicting the victim. The parties understand and acknowledge that, once the full amount of the victim's losses is determined, the Court will then order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000. The parties further understand and acknowledge that any individual victim's total aggregate recovery shall not exceed the full amount of that victim's demonstrated losses.

11. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as

to the quality and quantity of punishment.

12. Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to the following pursuant to Title 18, United States Code, Section 2428, which is being forfeited administratively by the FBI:

    a.    Apple, iPhone 14, IMEI # 356165444207246

    b.    Toshiba Satellite C55-A5100 Laptop Computer, SN: 1E178398Q

13. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing, the defendant's offense level is determined to be 16 or greater, this office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted the authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. However, the United States will not be required to make this recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

14. The defendant is aware that Title 18, United States Code, Section 3742 and Title

28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, including the forgoing of criminal charges for 18 USC § 2251 (production of child pornography), the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

15. Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply

with requirements to periodically verify in person defendant's sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

16. As a condition of supervised release, defendant shall initially register with the state sex offender registration in Florida, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

17. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 1/23/24   By:   MARKENZY LAPOINTE
UNITED STATES ATTORNEY

GREGORY SCHILLER
ASSISTANT UNITED STATES ATTORNEY

Date: 1/23/24   By:

SCOTT BERRY
ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 1/28/24   By:

MALIK HOSEA ATKINSON
DEFENDANT